IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA            )

v.                                                          )            CRIMINAL NO. 01-0095
                                                                         CIVIL ACTION NO. 03-0648-CB
AUNDRA F. DENNIS,                          )

            Defendant/Petitioner.               )

## ORDER

This matter is before the Court on a motion to vacate, set aside or correct sentence filed

pursuant to 28 U.S.C. § 2255 by Aundra F. Dennis, a person in federal custody.  (Doc. 33.)  After

reviewing petitioner's motion and supporting brief, the governments response and all other relevant

documents and pleadings on file, the Court finds that the motion is due to be denied without an

evidentiary hearing.

**Facts**

Petitioner Aundra F. Dennis was charged in a three-count indictment with conspiracy to

possess with intent to distribute crack cocaine (Count 1), possession with intent to distribute crack

cocaine (Count 2) and using and carrying a firearm during and in relation to a drug trafficking crime

(Count 3).   Dennis entered into a written plea agreement with the government and pled guilty to Counts

2 and 3.  In exchange for his guilty plea on the other counts, the government dismissed Count 1.  Both

Dennis and his appointed counsel, Cindy Powell, signed the plea agreement, which informed defendant

of the maximum penalties for both offenses, including "a mandatory 60 months consecutive

imprisonment" for the § 924(c) violation.  (Plea Agrmt., Doc. 16, ¶ 1.)   The plea agreement further set

forth the government's obligation to "recommend at sentencing [in exchange for defendant's substantial

assistance] a downward departure from the minimum guideline . . . that . . . *may* include a request that the sentence imposed on count 3 run concurrently with the sentence on count 2." (*Id.* ¶ 3, emphasis added.)

A statement of facts, or factual resume, signed by the defendant, his attorney and the prosecutor was submitted with the plea agreement.  In it the parties agree that the Government could prove the facts set forth therein beyond a reasonable doubt.  In brief, those facts showed that the government executed a search warrant on petitioner's home and vehicles.  As law enforcement officers entered his residence, petitioner attempted to grab a loaded semi-automatic pistol from the coffee table, but a deputy took it from him.  A large amount of currency and implements used for cooking crack cocaine, including a Pyrex cup, a microwave and plastic bowls all containing crack cocaine residue, were seized from the house.  Crack cocaine was found in petitioner's vehicle which was parked outside the house.

At the guilty plea hearing, the Court discussed the plea agreement with the defendant and explained that it was not bound by any recommendations made by the government.  The Court also explained the maximum penalties for each count, including a twenty-year term of imprisonment on the drug count and, on the § 924(c) charge, a "mandatory consecutive sentence  added[ ]on top of the drug sentence of sixty months custody without parole." (Plea Tr. at 12.)  Petitioner indicated that he understood those penalties.  In addition, petitioner acknowledged that he had read the factual resume attached to the plea agreement, that he had discussed the facts with his attorney and that the factual resume was correct.  The Court specifically asked, "Is it true you did what it says you did in here." (*Id.* at 21.)  Petitioner replied, "Yes, sir." (*Id.*)

2

At sentencing, petitioner was represented by retained counsel, Lila Cleveland.  The defendant and the government reached an agreement as to the amount of crack cocaine attributable to the petitioner, and the government made a motion for downward departure pursuant to the plea agreement. Based on the drug amount, petitioner's sentencing range was 70 to 87 months on the drug count in addition to a 60-month mandatory consecutive sentence on the § 924(c) charge.  The government made a motion for downward on the drug charge, recommending a sentence of 35 months on that count for a total sentence of imprisonment on both counts of 95 months.  Petitioner's counsel requested that the Court also consider a reducing petitioner's 60-month sentence on the § 924(c) charge.  When asked the reason for that request, defense counsel replied that petitioner had cooperated and "the basis of the gun charge was simply that the gun happened to be in his home." (Sent. Tr. at 5.)  The Court noted that there was evidence from the detention hearing that petitioner had reached for the gun. Speaking on his own behalf at sentencing, petitioner denied that he had grabbed the gun.  The Court concluded that it did not have to resolve the issue because the amount of downward departure was discretionary; however, the Court also noted that petitioner had admitted in the statement of facts that he had actually reached for the gun.  The Court accepted the government's recommendation and sentenced the petitioner accordingly.

Petitioner appealed, but the only issue raised on appeal related the term of supervised release imposed.  Petitioner's conviction was affirmed on appeal.

**Issues Raised**

Petitioner raises several issues in his § 2255 motion and accompanying brief.  Petitioner claims that his guilty plea should be set aside because:  (1) there was an insufficient factual basis for it; (2) his

plea was not knowing and voluntary due to promises of a concurrent sentence; (3) counsel failed to provide him with accurate information; (4) counsel failed to file a motion to withdraw his guilty plea.  In addition, petitioner also asserts that the sentence imposed as to the § 924 (c) count should be set aside because counsel, both at the pretrial detention hearing and at sentencing, failed to dispute evidence ultimately used against him at sentencing, *i.e.*, that he attempted to grab the gun.

**Discussion**

**Guilty Plea**

The circumstances under which a guilty plea may be collaterally attacked are strictly limited. "'It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.' And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) (footnote omitted)).  With these parameters in mind, the Court examines each of petitioner's claims that his guilty plea should be set aside.

**Insufficient Factual Basis**

Petitioner's claim that there was an insufficient factual basis for his plea is clearly foreclosed.  Such a claim does not challenge either the knowing and voluntary nature of the plea or the competency of counsel.

**Plea not Knowing and Voluntary**

Petitioner may proceed on claim that his plea was not knowing and voluntary only if he can overcome the procedural bar for failing to raise that claim on appeal.  To do so, petitioner must

4

demonstrate cause and prejudice for his failure to raise those claims on appeal or, alternatively, that he is actually innocent of the crime of which he was convicted. *Id.* Petitioner appears to rely on the actual innocence exception, claiming that he is actually innocent because, his actions did not satisfy the "use or carry" prong of § 924(c). To overcome procedural default based on the actual innocence exception, petitioner must present new evidence sufficient to persuade the Court that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 324-29 (1995). In this case, petitioner argues that he is actually innocent because he never reached for the firearm, which was merely on the table in front of him when he was arrested. Petitioner has alleged no new evidence regarding the events underlying the § 924(c) charge. Even if the evidence upon which petitioner relies could be considered new, a reasonable juror would not necessarily find petitioner's version of events more credible than the government's evidence to the contrary. In sum, petitioner's actual innocence claim is insufficient to overcome procedural default.

### Plea Resulted from Ineffective Assistance of Counsel

A guilty plea is subject to collateral attack on the ground that counsel rendered constitutionally ineffective assistance. *Hill v. Lockhart*, 474 U.S. 52 (1985). To establish constitutionally ineffective assistance, petitioner must prove that counsel's representation was objectively unreasonably and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668 (1984). When a petitioner asserts that his guilty plea was involuntary due to ineffective assistance of counsel, he must prove, first, that counsel's advice was not within the range of competence demanded of attorneys in criminal cases and, second, that but for counsel's errors petitioner would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 56-58. In this case,

petitioner asserts that counsel erred in two ways–by failing to explain the elements of § 924(c) and by incorrectly advising that his sentence on the drug charge would run concurrently with his sentence on the § 924(c) charge.

According to petitioner, his guilty plea counsel, Cindy Powell, advised him that the government could satisfy § 924(c) merely by proving that the guns were at his house while he was in possession of illegal drugs. In *Bailey v. United States*, 513 U.S. 137 (1995), the Supreme Court defined the "use" of a firearm, which is forbidden by § 924(c), to require more than mere possession. The term "use," according to *Bailey*, means "active employment" of the firearm. *Id*. at 148-49. Assuming, *arguendo*, that counsel inaccurately advised petitioner that possession satisfied § 924(c)'s "use" prong, he cannot establish prejudice. Although petitioner asserts that he "was determined to proceed to trial before Ms. Powell erroneously advised him to enter a change of plea[]" (Pet.'s Brf. at 11), that assertion is premised on petitioner's claim that he did not "use" the firearm because he merely possessed it. Petitioner's claim of mere possession is, in turn, dependent upon petitioner's factual claim that he did not reach for the firearm when law enforcement officers entered his house. Petitioner's factual statement, which he confirmed to be true at the guilty plea, stated that petitioner did, indeed, reach for the firearm when officers entered his house. Having admitted this fact during the plea colloquy, petitioner cannot now contradict it in his collateral attack. *Allison v. Blackledge*, 431 U.S. 63, 74 (1977). Because petitioner's claim that he would not have pled guilty and would have gone to trial is based on a version of facts contradicted by his testimony at the plea hearing, the Court finds that petitioner cannot demonstrate that he was prejudiced by counsel's allegedly erroneous advice.

Next, petitioner asserts that counsel misled him by informing him that she had negotiated a 35-

month sentence on the drug count to be run concurrently with a 60-month sentence on the firearm count.  Petitioner does not specifically allege prejudice from counsel's alleged error, *i.e.,* that he would not have pled guilty had he known that the sentences would be consecutive and not concurrent.  As with his prior ineffective assistance claim, the record belies any such assertion.  Petitioner was informed by the Court that the § 924(c) 60-month sentence was mandatory and was to be added on to any other sentence.  He was also informed that the Court was not bound by the plea agreement and that he could receive a higher sentence than he had bargained for in the plea agreement.  Finally, the plea agreement provided no specific sentence to be recommended and in it petitioner acknowledged that there were no other "agreements, promises, undertakings or understandings between [petitioner] and the government."  (Plea Agrmt. at 5.)  Petitioner cannot claim that he was induced to plead guilty by the promise of a 60-month sentence and a concurrent 35-month sentence because: (1) he entered his guilty plea having been informed that the 60-month sentence was mandatory and consecutive and (2) having signed a plea agreement which provided no specific sentencing recommendation and acknowledged that there were no other agreements between the parties.[1]

### Failure to File a Motion to Withdraw Guilty Plea

Petitioner has asserted only a bare bones claim that counsel should have filed a motion

---

[1]The government has interpreted petitioner's ineffective assistance/plea agreement argument to be a claim for breach of the plea agreement.  The government's interpretation is certainly reasonable, given petitioner's reliance on *Santobello v. New York*, 404 U.S. 257 (1971).  Since petitioner blames counsel, rather than the government, for the misrepresentation the Court has analyzed the claim under the ineffective assistance rubric.

to withdraw the guilty plea or for specific performance of the plea agreement.[2]  As such, it is nothing

more than a conclusory allegation, and "[c]onclusory allegations of ineffective assistance are

insufficient." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (quoting *United States v.*

*Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)).

        Petitioner does not elaborate on his claim that counsel was constitutionally ineffective

for failing to file a motion to withdraw the guilty plea, and the Court can discern no basis upon which

such a plea might have been granted.

**Sentence**

        In addition to his claim that his guilty plea should be set aside, petitioner has also asserted two

additional claims attacking the validity of his sentence, both based on ineffective assistance of counsel.

As discussed in the guilty plea context, to establish ineffective assistance of counsel, a petitioner must

show that his attorney's performance was objectively unreasonable and that the deficiency was

prejudicial.  *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990).  Petitioner contends that

his initial counsel provided deficient representation at the detention hearing when he failed to object to

the introduction of the arresting officer's testimony regarding petitioner's use of the firearm.  Petitioner

argues that the Court later relied on that evidence at the sentencing hearing.  Since the issue of guilt or

innocence is not determined at the detention hearing, counsel's failure to object to the evidence was not

objectively unreasonable.  Furthermore, petitioner suffered no prejudice because the evidence, which

---

[2]This claim is asserted in the § 2255 motion but is not developed in petitioner's supporting
memorandum.

the Court merely referred to at sentencing, had no effect on his sentence.[3]

Petitioner argues that his counsel at sentencing rendered ineffective assistance because she failed to present evidence to prove that petitioner did not use or carry the firearm. Counsel's failure to object was not objectively unreasonable because petitioner had admitted to grabbing the firearm as part of his plea agreement and had pled guilty to the offense of using or carrying a firearm during and in relation to a drug trafficking offense. Petitioner was not prejudiced because failure to present such evidence had no bearing upon the sentence imposed.[4]

**Conclusion**

For the reasons stated above, the Court finds that the pleadings and evidence on file conclusively establish that petitioner is not entitled to relief. Accordingly, it is **ORDERED** that the motion to vacate, set aside or correct sentence be and hereby is **DENIED**.

**DONE** this the 18th day of May, 2005.


*s/Charles R. Butler, Jr.*
**Senior United States District Judge**

---

[3]As discussed above, *supra* p. 6, petitioner admitted at the guilty plea the facts he now claims should have been contested at the detention hearing. Furthermore, at sentencing the Court found it unnecessary to resolve the purported factual dispute as to whether petitioner actually reached for the firearm. Petitioner's counsel asserted "non-use" of the firearm as a reason the Court should impose a downward departure sentence lower than the sentence recommended by the government. Ultimately, the Court concluded that no factual issues need be decided because the amount of downward departure was discretionary and because petitioner had admitted facts amounting to use in the factual resume.

[4]See footnote 2, *supra*.